**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LARRY HOYT,

    *Plaintiff*,

v.

JOAN E. ROGERS, *Dietician*;
TAMMY ROTHAAR, *Registered Nurse*;
BRIAN DOUGLAS, *Registered Nurse*;
and SHARON FAIRBANKS,
*Registered Dietician*;

    *Defendants*.
_____/

CASE NO. 10-CV-10262

DISTRICT JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
and
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING**
(Docs. 13, 21)

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and that Plaintiff's Motion be **DENIED.**

## II. REPORT

### A. Introduction

This *pro se* prisoner civil rights case brought under 42 U.S.C. § 1983[1] was filed on January 20, 2010. (Doc. 1.) The case was referred on February 18, 2010, by United States District Judge

---

[1] Although Plaintiff is a federal prisoner, he is lodged in a state facility and his complaint alleges actions taken by state actors; thus, the case is not a *Bivens* action.

Denise Page Hood to the undersigned magistrate judge for pretrial case management pursuant to 28 U.S.C. § 636(b). (Doc. 3.) The events giving rise to the instant complaint occurred while Plaintiff was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan.

Defendants filed the instant motion for summary judgment on May 5, 2010 (Doc. 13), Plaintiff responded on May 20, 2010 (Doc. 16), and filed an affidavit in support of his response. (Doc. 20.) Plaintiff also filed a motion for leave to file a supplemental pleading on August 17, 2010 (Doc. 21), and Defendants responded to Plaintiff's motion on August 20, 2010. (Doc. 22.) Upon review of the documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation without oral argument.

**B.     Plaintiff's Complaint**

Plaintiff alleges that in 2002, while he was housed at the Mound Correctional Facility ("NRF"), he began receiving a special therapeutic diet for diabetes. (Compl., Doc. 1 at 4.) He further asserts that in 2006, when he was transferred to the Gus Harrison Correctional Facility ("ARF"), Defendant Joan Rogers, a registered dietician who works at ARF, assessed Plaintiff's ability to eat from the general food line and maintain proper sugar levels, concluded that Plaintiff could do so, and removed Plaintiff from the group that received the special therapeutic diet. (*Id.*) Plaintiff contends that "there is not enough food offered on the main line for Plaintiff to pick through in order for him to maintain sugar levels, and at the same time, enable Plaintiff to maintain caloric and nutritional intakes for a male adult." (*Id.* at 5.) Plaintiff states that on most days, he is "lucky" to consume 1,000 calories. (*Id.*) Plaintiff avers that "[s]ince most of the prison food . . . consists of pasta and other starches, there is little left for Plaintiff to eat and maintain normal sugar levels." (*Id.*) Plaintiff contends that his Eighth Amendment rights have been violated

2

because he has and will "suffer from other maladies or exacerbate his existing medical conditions due to lack of vital nutrients and minerals because [h]is diet is 1/4 of what an adult male consumes in Michigan's prison system." (Doc. 1 at 6.) Plaintiff seeks compensatory and punitive damages. (Doc. 1 at 4.)

### C. Defendants' Motion for Summary Judgment

Defendants Rothaar, Douglas, and Fairbanks assert that they are entitled to summary judgment because they were not personally involved in the events that gave rise to the complaint. They alternatively argue that since they were not named in the grievances Plaintiff submitted about his diet, he has not met the requirement to exhaust his administrative remedies with regard to the claims against them. (Doc. 13, Br. at 4.) Defendant Rogers asserts that she is entitled to qualified immunity because (1) Plaintiff's claim is essentially a difference in opinion between him and prison medical authorities over the proper treatment and therefore does not rise to the level of an Eighth Amendment claim; and (2) Plaintiff did not meet the requirements for a special therapeutic diet and therefore his Eighth Amendment rights were not violated. (*Id.* at 8.)

#### 1. Motion Standards

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, and will be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*,

886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

The non-moving party has an obligation to respond to the motion and present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

    **2.    Defendants Rothaar, Douglas and Fairbanks**

Defendants Rothaar, Douglas and Fairbanks contend that they are entitled to summary judgment because they were not personally involved in the actions giving rise to Plaintiff's claims. (Doc. 13 at 11.) Instead, their only connection to the case is that they each acted as a "reviewer" or "respondent" to Plaintiff's grievance at its various steps in the process. Defendant Rothaar was

the Step I grievance respondent, Defendant Douglas was the Step I grievance reviewer, and Defendant Fairbanks was the Step II respondent. (*See* Grievance, Doc. 1 at 7-10.)

To state a claim against a defendant for a violation of civil rights, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1948 (2009). *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant); *Kesterson v. Moritsugu*, No. 96-5898, 1998 WL 321008, at **4 (6th Cir. 1998) (a plaintiff must "allege that a specific defendant performed a specific act that suffices to state a claim"). Furthermore, courts have consistently held that the act of reviewing and denying a prisoner's grievance does not state a claim of constitutional dimension. *See Alder v. Correctional Medical Servs.*, 73 Fed. App'x 839, 841 (6th Cir. 2003); *Martin v. Harvey*, 14 Fed. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Accordingly, I suggest that Defendants Rothaar, Douglas and Fairbanks are entitled to summary judgment because it is undisputed that their only involvement in this case was to review and answer Plaintiff's grievances, which is insufficient to state a constitutional claim.

### 3. **Defendant Joan Rogers**

Defendant Rogers asserts that she is entitled to summary judgment based on the defense of qualified immunity. The Supreme Court has explained that, pursuant to the defense of qualified immunity,"government officials performing discretionary functions generally are shielded from

5

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

When a defendant moves for summary judgment on the basis of qualified immunity, the analysis involves three inquiries: (1) "whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred;" (2) "whether the violation involved a clearly established constitutional right of which a reasonable person would have known;" and (3) "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003)).

In order to determine whether, based upon the applicable law, the facts viewed in the light most favorable to Plaintiff show that a constitutional violation has occurred, the basis of the constitutional claim must be understood. Plaintiff's claim is brought under the Eighth Amendment's provision that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend VIII. This amendment requires that convicted prisoners be provided "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). However, liability exists "only if [the defendant] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the staff, the inmate has failed to state a claim under the Eighth Amendment. *See Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *McFarland v. Austin*, 196 Fed. App'x 410, 411 (6th Cir. 2006) ("as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference of opinion between him and medical personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment"); *White v. Corr. Med. Servs.*, 94 Fed. App'x 262 (6th Cir. 2004) (where the essence of plaintiff's claims was that he disagreed with the defendants' approaches to his medical treatment, dismissal of complaint for failure to state a claim was affirmed); *Selby v. Martin*, 84 Fed. App'x 496, 499 (6th Cir. 2003) ("the record reveals that [plaintiff] not only received a medical evaluation by a nurse and a physician, he also received instructions with regard to daily care of his abrasions. Thus, the record clearly reveals a competent and conscientious course of medical treatment, and [plaintiff's] dissatisfaction with his treatment does not state a claim under the Eighth Amendment").

In the instant case, Plaintiff does not dispute that he received medical treatment for his condition of diabetes. Instead, he complains that he should have been given a special diabetic diet, that the class educating him on how to choose appropriate foods from the general cafeteria line was insufficient, and that, even if it were acceptable as a general proposition, the particular choices at

the Gus Harrison facility were too starchy. Plaintiff adds that because of the poor choices, he has been forced to eat less than he should and implies that he has lost weight. (Doc. 1 at 5.)

Courts have consistently held that diabetic prisoners' complaints about being required to self-monitor their diet is a mere disagreement over proper treatment that does not rise to the level of deliberate indifference under the Eighth Amendment. *See LaFlame v. Montgomery County Sheriff's Dep't*, 3 Fed. App'x 346, 347 (6th Cir. 2001) (the plaintiff failed to state a claim under the Eighth Amendment where he alleged jail personnel delayed and then stopped taking urine tests for blood sugar levels and did not adjust his diet appropriately because that was a mere difference of opinion over treatment); *Carrion v. Wilkinson*, 309 F. Supp. 2d 1007, 1015 (N.D. Ohio Mar. 10, 2004) (granting motion to dismiss as to Eighth Amendment claim where the plaintiff was on a self-monitored diet for diabetes, requested to be placed on a diabetic diet, but was refused the same); *VanDiver v. Correctional Med. Servs., Inc.*, No. 1:06-CV-547, 2010 WL 3777952, at *2 (W.D. Mich. Sept. 22, 2010) (granting motion for summary judgment on Eighth Amendment claim where the plaintiff was told by the defendants to control his diet with moderation of food choices and where the plaintiff was educated on food choices); *Moody v. Bell*, No. 1:08-cv-796, 2009 WL 2952071, at *2-3 (S.D. Ohio July 8, 2009) (denying Plaintiff's motion for summary judgment and dismissing case where the plaintiff was educated on food choices to manage his diabetes through diet but complained that the bread and cereal served at breakfast did not comport with his self-monitored diabetic diet and where, because of a lack of proper choices, he had lost weight while incarcerated).[2]

---

[2] I note that the outcome may have been different if this were a situation where a diabetic prisoner is delivered a tray which contains inappropriate food choices already made for him. *See, e.g.*, *Allen v. Aramark Corp.*, No. 3:07CV-P260-M, 2007 WL 3120088 (W.D. Ky. Oct. 23, 2007) (denying motion to dismiss where the diabetic plaintiff alleged that although he was assured he would receive diabetic diet trays, he did not receive them). In this

Accordingly, I suggest that, based upon the applicable law, the facts viewed in the light most favorable to Plaintiff do not show that a constitutional violation has occurred and therefore Defendant Rogers' motion for summary judgment should be granted.

Alternatively, I suggest that Defendant Rogers is also entitled to grant of the motion on the basis of qualified immunity because the record evidence shows that Defendant Rogers did not disregard a substantial risk of serious harm to Plaintiff by failing to take reasonable measures to abate it. *See Farmer*, 511 U.S. at 847. Defendant Rogers provided an affidavit wherein she explains that Plaintiff attended the prison's Diabetes Education Self-Management Program and passed the post-test with a score of 97%. (Rogers Aff., Doc. 13 at Ex. B.) She states that the program consisted of four classes designed to educate the patient on "what diabetes is, complications of diabetes, measuring control, medications, acute complications of hyperglycemia and hypoglycemia, and how to manage their diet using a carbohydrate counting method." (*Id.* ¶ 6.) Defendant Rogers also explains in great detail how the food served at ARF is selected to meet the nutritional standards such as the Dietary Reference Intakes and the Recommended Dietary Allowances. (*Id.* ¶¶ 12-30.) Plaintiff has not responded to Defendant's motion by presenting any "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore*, 8 F.3d at 340. Accordingly, I suggest that Defendant Rogers would be entitled to summary judgment on this ground as well.

### D. Plaintiff's Motion to Supplement Pleading

Three months after Defendants filed their motion for summary judgment, Plaintiff filed a motion to supplement his complaint to add a claim for retaliation for filing the instant lawsuit in

---

case, Plaintiff was in control of his own dietary destiny.

violation of the First Amendment occurring between March 10, 2010, and May 15, 2010. (Doc. 21.) The proposed supplemental pleading would add 11 new defendants. (*Id.*)

Rule 15(d) of the Federal Rules of Civil Procedure allows a court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." This rule allows a plaintiff to update a complaint with later occurring events that support his original claims. "The rule does not, however, allow a plaintiff to add new claims relating to new events . . . involving not the original defendants but a whole new cast of characters. In such circumstances, leave to supplement should be denied, because there is 'no linkage' between the new allegations and those set forth in the original complaint." *Cage v. Harry*, No. 1:09-cv-512, 2010 WL 1254562, at *1 (W.D. Mich. Mar. 26, 2010) (quoting *Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993)).

In addition, as argued by Defendants, since the claims sought to be added do not arise out of the same transaction, occurrence, or series of transactions or occurrences, joinder of these new Defendants would violate Rule 20(a)(2).

I therefore suggest that Plaintiff's motion for leave to supplement pleadings be denied.

### E. Conclusion

For all the reasons stated above, I suggest that the motion for summary judgment be granted and Plaintiff's motion for leave to file supplemental pleading be denied.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier*, 454 F.3d at 596-97.

                                                  s/ Charles E Binder
                                                  CHARLES E. BINDER
Dated: November 4, 2010                 United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Larry Hoyt #35820, G. Robert Cotton Correctional Facility, 3500 N. Elm Rd, Jackson, MI 49201.

Date: November 4, 2010         By     s/Patricia T. Morris
                                               Law Clerk to Magistrate Judge Binder