**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LARRY HOYT,**

       **Plaintiff,**　　　　　　　　　　Case No. 10-CV-10262
v.　　　　　　　　　　　　　　　　　HONORABLE DENISE PAGE HOOD


**JOAN ROGERS, ET AL.,**

       **Defendants.**
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION WITH MODIFICATIONS**

**I.　　Introduction**

This matter is before the Court on Magistrate Judge Charles Binder's Report and Recommendation ("R & R") **[Docket No. 24, filed on November 4, 2010]**. The Magistrate Judge recommended granting Defendants' Motion for Summary Judgment **[Docket No. 13, filed on May 10, 2010]**, and denying Plaintiff's Motion for Leave to File Supplemental Pleadings **[Docket No. 21, filed on August 17, 2010]**. Objections were filed by Plaintiff **[Docket No. 26, filed on December 6, 2010]**.

Plaintiff Larry Holt initiated this pro se civil rights suit on January 20, 2010, under 42 U.S.C. § 1983, alleging claims against Joan E. Rogers (Dietician), Tammy Rothaar (Registered Nurse), Brian Douglas (Registered Nurse), and Sharon Fairbanks (Registered Dietician), all staff members at the correctional facility where Plaintiff is housed. Plaintiff, a diabetic, claims that he was denied access to the special therapeutic diet offered to some diabetic inmates, and forced to eat from the regular food line, in violation of the Eighth Amendment ban on "cruel and unusual

1

punishment." *See* U.S. Const. amend VIII. For the reasons set forth below, the Court ACCEPTS Magistrate Judge Charles Binder's Report and Recommendation.

**II.     Standards of Review**

    **A.     Report and Recommendation**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the finding or recommendations made by the magistrate."

    **B.     Rule 56(c) Summary Judgment**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be apparent from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other documentary evidence. Fed.R.Civ.P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

    **C.     Rule 15(d) Supplemental Pleadings**

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented."

## III.   LAW AND ANALYSIS

In recommending that Defendants' Motion for Summary Judgment **[Docket No. 13, filed on May 10, 2010]** be granted, the Magistrate Judge also recommends that Plaintiff's Motion for Leave to File Supplemental Pleadings **[Docket No. 21, filed on August 17, 2010]** be denied. Plaintiff filed objections **[Docket No. 26, filed on December 6, 2010]**, which are discussed below.  Having reviewed the motions and objections, the Court finds that the Magistrate Judge reached the correct conclusions of law, although the Court finds that on the issue of Plaintiff's Motion for leave, the Magistrate did not reach his conclusion for the proper reasons.

### A.   Objection 1: Material dispute as to constitutional violation

Plaintiff first objects to the Magistrate Judge's conclusion that "the facts viewed in the light most favorable to Plaintiff do not show that a constitutional violation has occurred and therefore Defendant Rogers' motion for summary judgment should be granted."  R & R at 9.  In support of this objection, Plaintiff makes the following assertions: that "evidence shows that Plaintiff's needs are met by consuming foods from the diet line and not the regular line"; that he has lost control of his blood sugar since being made to eat from the regular line; and that Defendants' reliance on Plaintiff's passing the post-education diabetes tests is misplaced since "every student that participates in these classes will pass" because "the instructor will provide each individual with the answers."  Pl.'s Objections to the Magistrate Judge's R & R at 4-5.  For the reasons that follow, the Court does not find Plaintiff's objections persuasive and finds that

the facts viewed in the light most favorable to Plaintiff do not establish a constitutional violation.

The parties do not dispute that the "deliberate indifference" standard applies to Plaintiff's Eighth Amendment claim. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (U.S. 1994). Under this standard, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. The Eighth Amendment proscription against cruel and unusual punishment includes the "deliberate indifference to the serious medical needs of prisoners." *See Estelle v. Gamble*, 429 U.S. 97, 103 (U.S. 1976). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

In the case at bar, unlike cases where medical treatment was summarily refused, Plaintiff received substantial medical attention. "The record demonstrates that Plaintiff was prescribed a self-monitored diabetic diet, that he himself was responsible for choosing the proper food, that he was counseled and educated on his diet, and that substitutes for certain foods for a diabetic inmate were available." *Moody v. Bell*, 2009 U.S. Dist. LEXIS 83123, 7 (S.D. Ohio 2009). The record also demonstrates that the Michigan Department of Corrections (MDOC) policy guidelines provided for a wide selection of foods for prisoners to choose to suit their diabetic needs, that the correctional facility in which Plaintiff was incarcerated remained in compliance with MDOC guidelines at all relevant times, and that Plaintiff proffers no evidence showing that

4

the actual selection at any time was insufficient for him to properly manage his diet.

Plaintiff nonetheless argues in his objections **[Docket No. 26, filed on December 6, 2010]** that his self-instruction courses were insufficient because the instructor gives the answers to everyone, that the food selection on the regular line "changes over 50% of the time," and that no single institution in the MDOC "maintains there [sic] 4 cycle menu with perfection." Pl. Objections to the Magistrate Judge's R & R at 4-5. First, Plaintiffs proffers no evidence in support of these claims. Second, these complaints amount to no more than a "dispute [] over the adequacy of the treatment," rather than a denial of treatment altogether. *See* 537 F.2d 857 at 860. This objection does not undermine the Magistrate Judge's properly determined conclusion that "the facts viewed in the light most favorable to Plaintiff do not show that a constitutional violation has occurred . . . ."

### B. Objection 2: Qualified Immunity

The Magistrate Judge concluded, as an alternative basis for granting Defendant Rogers' motion for summary judgment, that Defendant Rogers was entitled to qualified immunity "because the record evidence shows that Defendant Rogers did not disregard a substantial risk of serious harm to Plaintiff by failing to take reasonable measures to abate it." R & R at 9 (citing *Farmer*, 511 U.S. at 847). Plaintiff objects, arguing that Defendant Rogers had a culpable state of mind as "Defendant Rogers was aware that there was [sic] medical records that demonstrate that Plaintiff's blood sugar was out of control once he was taken off the diet line." Pl. Objections to the Magistrate Judge's R & R at 9.

Qualified immunity analysis involves a three-part test: (1) whether the facts viewed in the light most favorable to the plaintiff establish that a constitutional violation occurred; (2)

5

"whether the violation involved a clearly established constitutional right of which a reasonable person would have known"; and (3) "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003)).

For the reasons discussed above, the facts viewed in the light most favorable to Plaintiff do not show that a constitutional violation has occurred, namely that Defendant Rogers knew of, and disregarded, a substantial risk of serious harm to Plaintiff by failing to take reasonable measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 847 (U.S. 1994). Plaintiff therefore is unable to pass the first step of the qualified immunity analysis. Because Plaintiff has not offered any probative evidence demonstrating that a constitutional violation occurred, the Magistrate Judge properly concluded that Defendant Rogers is entitled to summary judgment on the basis of qualified immunity.

### C.     Motion to File Supplemental Pleadings

Subsequent to Defendants' motion for summary judgment, Plaintiff filed a Rule 15(d) motion to supplement his Complaint in order to add five complaints of retaliation, which he allegedly suffered in response to filing the present suit. The motion would add eleven new defendants to his original Complaint. The Magistrate Judge recommended denial of this motion, and Plaintiff did not file objections. While the Court agrees with the Magistrate Judge's recommendation that Plaintiff's motion be denied, the Court disagrees with the Magistrate Judge's reasoning.

The Magistrate Judge found that Plaintiff's motion should be denied, suggesting that

Rule 15(d) of the Federal Rules of Civil Procedure does not allow a plaintiff to add new claims relating to new events that do not involve the original defendants.  The Magistrate Judge also concluded that "the claims sought to be added do not arise out of the same transaction or occurrence, or series of transactions or occurrences," and that therefore joinder of the new defendants would violate Rule 20(a)(2).  *See* R & R at 10.

Contrary to the Magistrate Judge's suggestions, it is not clear that Rule 15(d) disallows the addition of new parties not involved in the events underlying a plaintiff's original complaint, or that a claim alleging retaliatory treatment does not "arise out of the same transaction or occurrence, or series of transactions or occurrences" as the original complaint.  In *Griffin v. County School Board*, the Supreme noted:

> "Rule 15 (d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary. Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice."

377 U.S. 218, 227 (U.S. 1964).  Courts have also found that a retaliation claim may constitute an event that arises out of the same transaction or series of transactions as the original complaint under Rule 15(d).  "Events that may be asserted in a supplemental pleading need not arise out of the same transaction or occurrence as the original claim, so long as they bear 'some relationship' to the original pleading." *See, e.g.*, *Means v. Dunedin Apts.*, WL 1490494 (N.D. Ind. 2010) (granting a Rule 15(d) motion to supplement with a claim of retaliation) (quoting 3 James Wm. Moore, Moore's Federal Practice § 15.30 (3d ed. 2008)).

7

The Court finds Plaintiff's motion to supplement the Complaint should be denied for the alternate grounds offered by Defendants, that "Plaintiff did not properly exhaust his administrative remedies concerning the proposed new claims and defendants, as required by 42 U.S.C. § 1997e." Br. in Supp. of Def.'s Resp. to Pl.'s Mot. to File Supplemental Pleadings Adding New Parties and Unrelated Transactions at 5.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust all available administrative remedies before challenging prison conditions in federal court: "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted the PLRA exhaustion to rule require "proper exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 93 (U.S. 2006). "Proper exhaustion" means exhaustion according to the procedures provided. *Id.* at 90.

The administrative process governing the grievances that serve as the basis for Plaintiff's additional claims is governed by the MDOC Policy Directive PD 03.02.130 ("Policy Directive"). The Policy Directive provides a three-step process for prisoners to file grievances relating to prison conditions. Before filing a Step I grievance, a prisoner must first attempt to "resolve a grievable issue with staff." PD 03.02.130 (P). After a grievance is filed, the "Grievance Coordinator" must then determine whether the grievance should be accepted or rejected. PD 03.02.130 (X). "A grievant may file a Step II grievance if s/he is dissatisfied with the response received at Step I or s/he did not receive a timely response." PD 03.02.130 (BB). "A grievant may file a Step III grievance if s/he is dissatisfied with the Step II response or does not receive a timely response." PD 03.02.130 (FF). A grievance may be rejected for a number of reasons, for

8

example if the grievance is "vague, illegible, contains multiple unrelated issues, or raises issues that are duplicative of those raised in another grievance filed by the grievant," or if the grievance "is filed in an untimely manner." *See* PD 03.02.130 (G).

Here, Plaintiff filed five grievances, each challenging alleged actions by prison staff as retaliation for the present suit. On March 10, 2010, Plaintiff filed a grievance alleging that the prison law librarian refused to make photocopies for Plaintiff relating to the present suit. Exhibit 1 to Def. Resp. to Pl. Motion for Leave to File Supplementary Pleading **[Docket No. 22, filed on August 20, 2010]**. This grievance does not appear to have been exhausted through all steps of the claim process. *Id*.

On April 18, 2010, Plaintiff filed a grievance alleging that his cell had been "shaken down," and that two grievance forms were stolen. *Id*. The Grievance Coordinator denied this grievance, finding that Plaintiff's cell "was not shaken down by prison staff . . . ." It does not appear that this grievance has been exhausted through Steps II and III. *Id*.

Also on April 18, 2010, Plaintiff filed a grievance alleging that his transfer to a different prison facility was in retaliation for filing the present suit. *Id.* This grievance was denied due to vagueness as to whom the grievance was directed against, and what the main issue of the grievance was. *Id.*

On May 7, 2010, Plaintiff filed a grievance alleging that prison staff had destroyed a legal mail disbursement form for legal work pertaining to the present suit. *Id*. This grievance was denied at every stage of the grievance process because it was untimely, and because Plaintiff failed to provide a sufficient reason for its untimeliness. *Id*.

On May 25, 2010, Plaintiff filed a grievance based on the failure of prison staff to replace

9

the grievance forms he alleged were stolen during the alleged "shake down." *Id*. This grievance was denied due to its vagueness, the fact that it was apparently duplicative of a previous grievance, and because Plaintiff did not adequately attempt to resolve the issue before filing the grievance. *Id*.

For each grievance, Plaintiff either failed to fully exhaust his claims, or improperly exhausted without due regard to the procedure requirements established by the Policy Directive. Because the grievances forming the basis for Plaintiff's proposed supplementary claims are either unexhausted or improperly exhausted, these additional claims cannot proceed and Plaintiff's motion to file supplemental pleadings must be denied.

For the reasons set forth above and in the Report and Recommendation,

**IT IS ORDERED** that Magistrate Judge Charles Binder's Report and Recommendation **[Docket No. 24, filed on November 4, 2010]** is **ACCEPTED** and **ADOPTED** as this Court's conclusions of law.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment **[Docket No. 13, filed on May 10, 2010]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplemental Pleadings **[Docket No. 21, filed on August 17, 2010]** is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED.**

                                              s/Denise Page Hood
                                              Denise Page Hood
                                              UNITED STATES DISTRICT JUDGE

Dated: March 16, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 16, 2011, by electronic and/or ordinary mail.

s/Felicia Moses for LaShawn R. Saulsberry  
Case Manager, (313) 234-5165